

# THE ATTORNEY GENERAL
# OF TEXAS

AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

August 25, 1950

Hon. Paul H. Brown
Fire Insurance Commissioner
Board of Insurance Commissioners
Austin, Texas

Opinion No. V-1097.

Re: Availability of Item 32 of
the Appropriations for the
current biennium to the
Fire Insurance Division,
Board of Insurance Commis-
sioners, for the purchase
of automobiles. (H.B.322,
Acts 51st Leg., R.S. 1949,
ch. 615, p. 1275.)

Dear Sir:

Your request for an opinion, in part, reads
as follows:

"The 51st Legislature made an appro-
priation for the support and maintenance
of the Fire Insurance Division of the Board
of Insurance Commissioners as shown in Chap-
ter 615, Page 1274, Acts of the 51st Legis-
lature, and included in that appropriation
at page 1275, Item 32, ' . . . law enforce-
ment . . .'

"We wish to inquire if in your opinion
money can be used out of this fund for the
'Enforcement of the Law' as appropriated to
this Department by the last Legislature for
the purchase of automobiles to be used in
the discharge of duties imposed upon this
Department by law.

"For your information we are enclosing
letter from the Attorney General's Depart-
ment, dated July 6, 1928, giving an affirma-
tive opinion on this matter."

Under the subhead "Maintenance and Miscellane-
ous" of the appropriations made to the Fire Insurance

Division, Board of Insurance Commissioners, for the current biennium appear Items 32 through 36.  (H.B. 322, Acts 51st Leg., R.S. 1949, ch.615, p.1275.)  We will consider only the appropriations contained in Items 32 and 34, for they are the only appropriations which pertain to your question.  Item 32 contains an appropriation of $14,000 for each year of the biennium for any one or all of the following purposes:

"Postage and box rent, telephone, telegraph, express, stationery and printing, equipment, furniture and fixtures, contingent, bond premiums, law enforcement, seasonal help, magazines and periodicals."

Item 34 contains an appropriation of $20,000 for each year of the biennium for "travel expense."

Section 2 of House Bill 322 contains numerous subsections controlling and restricting the expenditure of the appropriations made to the various departments, boards, and commissions in Section 1 thereof.  Subsection 15(b) thereof, in part, reads as follows:

"The appropriations herein provided are to be construed as the maximum sums to be appropriated to and for the several purposes named herein, and the amounts are intended to cover, and shall cover the entire cost of the respective items and the same shall not be supplemented from any other sources, . . . and, except as otherwise provided, no other expenditures shall be made, nor shall any other obligations be incurred by any department of this State, . . ."

We have been unable to find in House Bill 322 any specific appropriation to the Fire Insurance Division for the purchase of automobiles.

This office has held that the purchase of an automobile may be properly regarded as an item of travel expense, and, in the absence of a specific appropriation to a department or a division of a department for the purchase of automobiles, the department or a division thereof having an appropriation for "travel expense" may make such purchases and charge such appropriation with

the expenditures so incurred. Atty. Gen. Ops. 0-2669 (1940), 0-5925 (1944). We quote from Opinion 0-5925 as follows:

"When a State department purchases an automobile for the primary purpose of affording transportation to its officials and employees and when no specific appropriation is made for this purpose, we feel that such purchase is chargeable only against the appropriation for traveling expenses."

The State Comptroller of Public Accounts has consistently followed the above mentioned opinions from the time they were rendered. The Legislature is presumed to have been familiar with the holdings in these opinions and to have enacted House Bill 322 in the light thereof and with the intention that the appropriations contained therein should be construed accordingly, unless otherwise specifically provided.

This office has heretofore had occasion to consider the provisions of subsection 15(b), supra, as well as similar provisions contained in former general departmental appropriation bills. These opinions uniformly hold that where a sum is provided in an appropriation for a particular item of expense that sum is all the Legislature intended to be available for that item of expense, and it may not be supplemented from any source, unless the appropriation bill specifically so provides. Atty. Gen. Ops. 0-1332 (1939); 0-5899 (1944); V-1015 (1950).

You have directed our attention to a letter dated July 6, 1928, written by Hon. Brann Fuller, former Assistant Attorney General, to Hon. T. M. Campbell, Jr., Fire Insurance Commissioner, in which it is stated that an automobile may be purchased and charged to an appropriation made to the Fire Insurance Division, Board of Insurance Commissioners, for "Contingent Fund for the enforcement of the law." We have given due consideration to this letter and the appropriation bill (H.B.2. Acts 40th Leg., 1st C.S. 1927, ch.100, p.263), in which this item of appropriation appears.

House Bill 2 made appropriations to the various State departments, boards, and commissions for each fiscal year of the biennium beginning September 1,1927.

Under the subhead "General Maintenance" of the appropriations to the Fire Insurance Division appear several items of appropriations, one of $2,500 for "Contingent Fund for the enforcement of the law"; and another of $36,000 for "Traveling expenses."

House Bill 2, like House Bill 322, does not contain a specific appropriation to the Fire Insurance Division for the purchase of automobiles. Neither does it specifically authorize the Fire Insurance Commissioner or the Board of Insurance Commissioners to transfer money appropriated for a particular purpose to another item of appropriation for another purpose, but a rider appended thereto positively prohibits such transfers.

In view of the foregoing facts, we think it is obvious that this letter opinion to which you refer has been overruled by the later opinions of this office cited herein. Therefore, you are respectfully advised that automobiles may not be purchased and charged to the appropriations contained in Item 32 of the current appropriations to the Fire Insurance Division of the Board of Insurance Commissioners.

## SUMMARY

Automobiles cannot be purchased and charged, as an expenditure for "law enforcement" to the appropriation contained in Item 32 of the current appropriations of the Fire Insurance Division of the Board of Insurance Commissioners. H.B. 322, Acts 51st Leg., R.S. 1949, ch.615, p.1275; Atty. Gen. Ops. 0-1332 (1939); 0-2669 (1940); 0-5899 (1944); 0-5925 (1944); V-1015 (1950).

APPROVED:

C. K. Richards
Trial & Appellate
  Division

Everett Hutchinson
Executive Assistant

Charles D. Mathews
First Assistant

Yours very truly,

PRICE DANIEL
Attorney General

*Bruce W. Bryant*

By
  Bruce W. Bryant
      Assistant

BWB:wb:mw